CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
June 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

SIDNEY LOWEL BOWMAN Jr.
Plaintiff

V.

Civil Action No: 7:24-CV-00475
AMENDED COMPLAINT

LARRY COLLINS
JORDAN FLEMING
BRITTANY JONES
JOHNNY HALL
STEVEN FRANKLIN
A. BENTLEY
TERRI SMITH
D. GARDNER
B. STEFFEY
B. TACKETT
B. DOTSON
L. HALL
-TIPTON
MICHEAL WILLIAMS
AMEE DUNCAN

D.Turner
Sued in their individual
and official capacities
Defendants

# COMPLAINT WITH JURY DEMAND

## I. INTRODUCTION

This is a civil action authorized by 42 U.S.C. §1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C §§2000cc to 2000cc-5 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, brought by Sidney Lowel Bowman Jr.; a state prisoner currently housed at Red Onion State Prison (ROSP).

## II. JURISDICTION AND VENUE

This court has jurisdiction over this action under 28 U.S.C. §1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. §§2283 and 2284 and Rule 65 of the Fed. R. Civ. P.

This court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

The United State District Court for the Western District of Virginia is an appropriate venue under 28 U.S.C §1391(b)(2) because it is where the events giving rise to this action occured.

## III. PARTIES

Sidney Lowel Bowman Jr. is the plaintiff in this action and was at all times mentioned herein, a prisoner of the State of Virginia, in custody of the Virginia Department of Correction ("VDOC"). He is currently confined at Red Onion State Prison ("ROSP") in Pound, Virginia.

Defendant Larry Collins is the Unit Manager at ROSP and responsible for the Restorative Housing Reduction Step-Down Program.

Defendants Jordan Fleming and Micheal Williams are correctional officers who hold the rank of lieutenant for VDOC in Virginia employed at ROSP.

Defendants Brittany Jones, D. Gardner, B. Steffey, B. Tackett, B[redacted] Dotson, and Tipton are correctional officers

For VDOC in Virginia employed at ROSP.

Defendants A. Bentley, Terri Smith, and L. Hall are Correctional officers who hold the rank of Sergeant for VDOC in Virginia employed at ROSP.

Defendant Steven Franklin is a Correctional Officer who hold the rank of Captain for VDOC in Virginia employed at ROSP.

Defendant Johnny Hall is a Correctional officer who hold the rank of Mayor for VDOC in Virginia employed at ROSP. He is in charge of the overall security at ROSP.

Defendant Amee Duncan is the chief of Housing and Programming and is in charge of where inmates are housed.

Defendant D. Turner is the Assistant Warden he is employed for VDOC in Virginia at ROSP.

Each defendant is sued both in their individual and official capacities. At all times mentioned within this complaint, each defendant acted under the color of state law.

# FACTS

Plaintiff was housed in Restorative Housing Step-Down Program ('Step-Down') at ROSP(VDOC Operating Procedure 830.A Restorative Housing Reduction Step-Down Program) plaintiff was security Level 5 (a security level reserved for inmates who must be managed in a Restorative Housing setting) assigned to Intensive Management (IM) Pathway, On IM level 2, the lowest level on IM pathway. The last step in the Step-Down process before they can be Switched to Security level 6 Closed Pod (IM Closed) (Housing reserved for inmates, possibly facing long term in high security, who have successfully completed necessary programming required to step down from Security Level 5 into Level 6). All inmates in Step-Down Can only attend Religious Service Via Closed Circuit Broadcast. IM1 and IM2 give inmates the ability to have their own personal property Television (T.V.), If they do not own a T.V. or on a status level when they can have it, they have to be placed on a loaner T.V. list for the ability to watch their religion. Appedix F 'IM Privileges level' attached as Exhibit A.

1 On August 30, 2023 plaintiff housed in C-2 pod resided in C-221. At approximately 3:10 P.m. he was on a legal call with an attorney from the ACLU OF Virginia, when officer Mullins ("Mullins") Seen plaintiff talking on the phone and

demanded he get off the phone. Plaintiff informed Mullins he was on a legal call, Mullins stated 'I don't care! It's not your phone day. Give me the phone or I will unplug it!" Plaintiff continued talking to the attorney, until Mullins left his cell door and unplugged the phone, abruptly ending the legal call. That night, plaintiff filed an informal complaint ('Complaint') on mullins actions

## RETALIATORY ACTIONS FOR FILING GRIEVANCE

2. September 6, 2023 in an attempt to protect Mullins, defendant Fleming ('Fleming') came to plaintiff cell door at approximately (approx) 11:15 A.m. and told plaintiff he did not make any legal calls on 8-30-23, so he'll give plaintiff a chance to withdraw his complaint. Plaintiff knowing his phone call was scheduled by the ACLU refused to withdraw his complaint. That day fleming filed a response to plaintiff Complaint. stating "You did not make a lawyer call. Due to the above allegations, You'll be charged". To further his agenda of protecting Mullins and interfere with plaintiff attempt to hold Mullins accountable.

3 The same day, defendant Collins knowingly and deliberately fabricated a disciplinary office report ('DOR'); a 206 'lying or giving false information to an employee', based solely

On plaintiff complaint and complaint response. The Filing of the DOR intentionally violate VDOC Operating Procedure 866.1 Inmate Discipline Attachment 3 (This offense code excludes reports of sexual abuse and inmate grievances made in good faith, based upon a reasonable belief that the alleged conduct occurred) and Virginia law, also clearly established constitutional standard and law.

4 Plaintiff tried to speak with Fleming and Collins about the DOR and they refused to talk with him, so plaintiff filed a complaint on Fleming and Collins for their retaliatory actions in trying to protect Mullins with corrupt abuse of State documents. Fleming and Collins both knowingly with ill will intended to violate VDOC Operating Procedure 135.1 STANDARDS OF CONDUCT (V)(D)(2)(b) (Falsifying any records, including but not limited to all work and administrative related documents generated in the regular and ordinary course of business, such as count sheets, Vouchers, reports, insurance claims, time records, leave records, or other official state documents) and Virginia law.

# MISUSE OF FORCE

5 C-building recreational yard (rec yard) has two sides, C-456 side has a total of 24 recreational modules (cages), which consist of four rows of six cages each row, and C-123 side has a total of 12 cages divided into two sections of back to back

rows of three. Each Cage measuring about 10' by 6'.

6 The next day, September 7, 2023 plaintiff was outside on C-building rec yard, plaintiff was inside a cage on the third row on C-456 side. Defendants Johnny Hall ('Hall'), Steven Franklin ('Franklin'), A. Bentley ('Bentley'), Terri Smith ('Smith'), Tipton, L. Hall ("L. Hall"), Collins, and Fleming were on C-123 side rec yard dealing with an inmate. That resulted in all inmates having to be returned to their Cells.

7 Plaintiff waited for his turn to be taken off the rec yard back to his cell, as he was waiting chaos was going on around him, Staff and inmates were verbally throwing insults at each other. Defendant Jones ('Jones') aggressively began to walk up and down the rows of cages bickering with inmates. Plaintiff has an unusual habit of smiling and laughing when in Uncomfortable situations, nervous, agitated, or upset.

8 Jones returned back to plaintiff row still trading insults, she told plaintiff and other inmates she and staff would beat their ass. Plaintiff began to laugh and received a burst of OC mace spray from Jones in the chest and Face. Against policy and practice of VDOC, Plaintiff was told to just get over it. When he reported it.

9 After the unprovoked attack by Jones and the unwillingness of staff to do anything about it frustrated plaintiff, when it was his time to exit the cage he refused. Collins, Hall, Franklin, Bentley, Smith, Tipton, L. Hall, and Fleming packed into the third row around plaintiff cage. While defendant Turner (Turner) stood outside of the cages on the middle of the rec yard. Collins told plaintiff they were coming in there, deliberately ignoring plaintiff's emotional state that was irrational and depressed at the time.

10 An extraction team of defendants D. Gardner (Gardner), B. Dotson (Dotson), B. Steffey (Steffey), and B. Tackett (Tackett) wearing helmets, vest, and body worn cameras (used to record inside of a cell extraction from the officers view). As they were preparing Fleming began to shout 'Hold that line' (a pharse used by staff to encourage inmates to not comply with officers orders to cuff up so a cell extraction can be done.) On orders by Hall the extraction entered plaintiff cage.

11 When the extraction team was in the cage and got plaintiff to the ground, Jones ran into the cage to further inflict punishment and suffering upon plaintiff, and began to viciously strike plaintiff repeatedly in the

head and Face with her OC Mace Canister until plaintiff was barely moving. Gardner, Dotson, Steffey, Tackett inside the cage with Jones in their reach and Hall, Franklin, Collins, Fleming, Tipton, L. Hall, and Turner outside the cage, all refused to intervene verbally or physically to prevent the deadly force along with the act of excessive force; in addition, this act of excessive force caused further emotional and physical injury to the plaintiff. The use of force was grossly disproportionate to the amount of force proper under the circumstances, which was ignored by Jones, and was utilized in disregard of clearly established constitutional standards, principles, and law. Affidavit by michael D. Waston Attached as Exhibit J.

12 Upon Information and belief, as plaintiff was carried off the rec yard by several officers, inmates verbally protested Jones wanton assault on plaintiff. They told her she would be fired, which angered Jones to respond "MY GUYS Got My Back!" Hall stated "Yeah, we got her!" Then gave her a high five in front of other inmates. Affidavits by Diarion Davis and Brandon Crosby attached as Exhibit B and C respectfully. These actions by Hall was him displaying his agreement with Jones excessive and unjustified physical force, and willingness to conceal and cover up Jones illegal and unconstitutional acts if needed.

13 At approx 10:30 A.m. plaintiff was admitted to be housed in

The medical Unit due to his injuries which included: Swollen head and face, both eyes swollen, left eye shut, right eye nearly shut, lacerations to the face, numerous bruises over the head and face area, along with skin peeled off face leaving scarring.

14 Plaintiff was placed in medical cell 2 (Med#2). While in there Sergeants (SGT) Branham and bagley approcahed plaintiff and SGT. Bagley ask him what happen, why was he in a cell extraction. They never had an issue with plaintiff like this before. Plaintiff explained he just became mentally tired, he been trying to do things the 'right way' and still received a False DOR the day before and got mace'd for no reason today and lost control of his emotions. SGT. Branham told plaintiff "Whatever issue you got you need to fix it. Collins and Fleming told us to teach you a lesson". Meaning to cause plaintiff phyiscal harm. If he didn't come out the cage. In an attempt to use a penological interest for retaliatory reasons.

15 Plaintiff asked SGT'S Branham and Bagley to turn on their Body Worn cameras (BWC) to have video evidence of what was told to them. They both said no. SGT Branham said they was just trying to help him out but would deny it. They refused to turn on their BWC to talk freely. Grievance (ROSP-23-INF-00586) and Affidavit Jaeon Chavis Attached Collectively as Exhibit K.

16 Plaintiff spent 11 consecutive days in medical due to the severity of his injuries; suffering severe migraine headaches, dizziness, sensitivity to light, anxiety attacks, nightmares, depression, difficulty sleeping, and the scarring on the face, along with difficulty of getting around several weeks after

## CONTINUED RETALIATORY ACTIONS AND DENIAL OF ACCESS TO RELIGIOUS SERVICES

17 On September 18, 2023 plaintiff was released from medical. Despite knowledge of plaintiff Sunni Muslim Islamic religious belief, his IM2 status along with the policy and pratice of ROSP to house inmates in Step-Down in cells according to their status level. Collins deliberately continued his retaliatory action toward plaintiff for his refusal to withdraw his complaints against Mullins, Flemings, and Collins. Which violate Virginia law, VDOC standards, and well establish constitutional right.

18 On September 19, 2023 plaintiff spoke to Collins at

cell door. Plaintiff explained forcing him to be in C-308 (The day before Collin demanded plaintiff be put in cell C-308) stopped his ability to attend Jum'ah religious services and the IMZ status privilege he earned to have. Collins told plaintiff he should of thought of that before writing dumb ass complaints. Referring to plaintiff complaints filed on Mullins, Fleming, and Collins.

19 Plaintiff expressed after 11 days spent in medical recovering from his injuries, being back in C-building he did not want any problem with staff or give them problems, but he has a right to religious services and IMZ privileges like any other inmate. Collins retorted "I told you don't fuck with me, I won't fuck with you". This was Collins way of expressing don't write complaints and he will not be targeted for retaliation.

20 On October 2, 2023 at approximately 10:45 A.M. plaintiff spoke to Duncan while at pod recreation table. Plaintiff informed her Collins placed him in C-308 for retaliation due to the filing of a complaint on Collins and Fleming. (Duncan being Chief of housing and Programming understood plaintiff Constitutional right to religious service) Plaintiff told Duncan this denied him religious service, instead of correcting Collins, Duncan instead stated "Your in

that cell because you caused a disturbance on the yard". Plaintiff replied "I was never given a charge for that, so ya'll can't just take my privileges". Duncan responded "Your on our time not yours, We'll move you when we're ready".

21 Despite well establish RLUIPA and Constitutional law, without any penological interest Collins used C-308 to punish and interfer with plaintiff religious right. Duncan fully aware of these acts with the ability to correct it intentionally refused to correct them allowing the denial of plaintiff Free Exercise right to continue.

22 Plaintiff began a hunger strike in hopes of a last result to get relief. His hunger strike lasted 10 days (october 2, 2023 until October 12, 2023). plaintiff still did not be moved to a cell with working power outlets until october 22, 2023. Plaintiff was placed in cell C-309. where he finally could use his personal property T.V. for religious service

## RETALIATION FOR FILING GRIEVANCE

23 Defendant Williams (Williams) replaced Fleming as C-building lieutenant. Step-Down building

24 On October 27, 2023 plaintiff was served a DOR for a 121 'Flase statements or charges against an employee'

Written by Williams based on plaintiff complaint Filed on October 12,2023 in his attempt to refile the complaint on Mullins hanging up his legal call. once a disciplinary hearing was not on the DOR Collins' wrote. Williams responded to plaintiff complaint "There is no record of you making a phone call on that date. There is no record of you having a scheduled legal call on that date and time".

25 The Filing of the DOR Intentionally violate VDOC Operating Procedure 866.1 Inmate Discipline Attachment 2 (Due to the sensitive nature of this offense. It is important that it is handled with utmost caution and fairness to avoid hindering the inmate's right to file complaints against employees. The purpose of this offense is to prevent inmates from fabricating charges against Correctional employees; This offense code excludes reports of sexual abuse and inmate grievances made in good faith, based upon a responsible belief that the alleged conduct occurred. Such a report shall not constitute falsely reporting an incident or lying, even if an investigation does not establish evidence sufficient to substantiate the allegation).

26 Williams having knowing of plaintiff clearly explained Complaint, VDOC policy, Virginia law, and in disregard of Clearly established constitutional law fabricated a False DOR on plaintiff to continue the Cover up of Mullins act on 8-30-2023.

27 October 31, 2023 Duncan responded to plaintiff complaint on Collins and Fleming retaliation for denying plaintiff made a legal call on 8-30-2023. Duncan stated "After reviewing the GTL call log for your calls made on 8/30/23, I did determine you were on the phone with the number provided as your attorney from the CHaP Secretary. As a result of these Findings your 206 Charge is being dismissal."

28 May 14, 2024 plaintiff was being housed in the medical Unit Med#4 recovering from a double Anal Fistulotmy Surgery he had on May 8, 2024. with several other inmates. in the unit

29 Fleming being the watch commander. that day, made a round in the medical unit along with a SGT Jones. Wearing a BWC he refused to turn it on, as he was Signing the log book at the medical desk he shouted "Sidney Bowman, I heard they cut open your ass. You let the

Doctor in your ass that's Gay". For the sole purpose to harass plaintiff. Plaintiff knowing his right to keeping his medical history private became furious, and told Fleming he would write him up (File a complaint) just like last time he violated his rights. Out of anger of other people hearing about his sensitive medical issue called Fleming a 'dumb bitch'.

30 After making a full round in medical and spending a few mintues talking to the medical security officer, Fleming came and stood between Med#3 and Med#4 and told plaintiff come to the door. When plaintiff got there, Fleming said last time he got plaintiff ass beat, he'll tell Jones to put another scar on your face. Then began to laugh with SGT Jones, Plaintiff Yelled back, you're a coward and bitch when we get to court act that way on the stand. Fleming Laugh and replied "I don't care what you write up, it won't get there, You the bitch we dragged out the cage. Jones should have beat you worse with that mace can. Grievance (ROSP-24-Reg-00416) and Mental Health Monitoring Report collectively attach as Exhibit L.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

31 Plaintiff used the prisoner grievance procedure available at ROSP to try and solve the issues pretaining to this complaint.

32 On September 6, 2023 plaintiff presented the facts relating to defendants Fleming and collins retaliating against him for filing a grievance against mullins hanging up his legal call. The grievance was denied as non-grievable due to receiving a charge from defendant collins, because this grievance was denied being processed at intake interfered with the ability to exhaust these presented issuse. The disciplinary appeal process was not available to me because there was no hearing so no written dispostion to appeal

33 Every other claim presented in this complaint has been exhausted to the final level appeal. Plaintiff receiving a response that all administrative remedies has been exhausted pretaining to each claim presented. See Exhibits D;E;F;G;H;I

# LEGAL CLAIMS

34 Plaintiff reallege and incorporate by reference paragraphs 1-30.

Retaliation

35 Defendant Collins knowingly and deliberately filing a false disciplinary offense report, for plaintiff exercising his right, seek redress from the prison through use of the prison grievance system, was done by defendant Collins for retaliatory reasons to unlawfully punish plaintiff, in violation of plaintiff rights under the First Amendment 'Free Speech' to the United States Constitution.

36 Defendant Williams knowingly and deliberately filing a false disciplinary offense report, for plaintiff exercising his right, seek redress from the prison through use of the prison grievance system, was done by defendant Williams for retaliatory reasons to unlawfully punish plaintiff, in violation of plaintiff rights under the First Amendment 'Free Speech' to the United Stated Constitution.

37 Defendant Fleming personal amosity toward plaintiff, due to plaintiff seeking redress from the prison through use of the prison grievance system. lead to his illegal and

unconstitutional act of directing defendant's Jones to use excessive force which effectuated the malicious assault by Jones, this was done by defendant fleming to retaliate against and punish plaintiff, unlawfully violated plaintiff rights under the first Amendment 'Free speech' and Eighth Amendment 'Cruel and unusual punishment to the United state Constitution.

## Excessive force

38 The actions of defendant's Jones, Hall, Franklin, Bentley, Smith, Gardner, Steffey, Tackett, Dotson, Collins, Fleming, Turner, Tipton, and L.Hall in using physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United states Constitution, and caused plaintiff pain, suffering, physical injury and emotional distress

## Bystander Liability

39 The failure of defendants Hall, Franklin, Bentely, Smith, Gardner, Steffey, Tackett, Dotson, Collins, Fleming, Turner, Tipton, and L.Hall to intervence verbally or physically to stop defendant Jones from repeatedly striking plaintiff

in the head with a OC mace Canister, Shown deliberate indifference to plaintiff Safety by watching this happen, in violation of the Eighth Amendment to the United States Constitution.

40 Defendant Duncan with the power and duty to protect plaintiff religious rights, knew plaintiff was intentionally being denied the ability to attend weekly Islamic Jumah religious Services by defendant collins deliberately placing plaintiff in a cell without any power outlets, to stop plaintiff from Visually watching religious service to punish plaintiff without any penological interest, defendant Duncan failing to intervene shown deliberate indifference to plaintiff first Amendment 'Free Exercise Of Religion' to the United States Constitution

Assault and Battery

41 The action of defendant Jones in using force against the plaintiff without need constituted the tort of assault and battery under the law of Virginia.

Conspiracy

42 The actions of defendant Collins and Fleming conspiring together to file an disciplinary offense report on plaintiff For exercise of his right to Seek redress from the prison

through use of the prison grievance System, unlawfully Violated plaintiff right under the First Amendment 'Free speech' to the United States Constitution.

## Denial of Access to Religious Service

43 The actions of defendant Collins placing plaintiff in a cell without working power outlets and intentionally refusing to place plaintiff in a cell with working Power outlets to attend his religious based Islamic Jum'ah service Via personal property Television, Violated plaintiff right to 'Free Exercise Clause' of the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act 42 2000 cc to 2000 cc-5

# PRAYER FOR RELIEF

A Award Declaritory relief: By entering an order that defendants action and inactions Violated the plaintiff's Constitutional and statutory rights, as well as laws of the United States.

B Award INJunctive relief: By:

1 Transferring plaintiff out of the Western Region of Virginia and to be housed outside the Western Region for the remainder of plaintiff's Sentence

2 Transfer Out of Virginia Department of Corrections to Connecticut Department of Corrections

3 Have defendants debrief and retrained on the actions and inactions which may violate a prisoners Constitutional and statutory rights, including but not limited to one's rights under RLUIPA

C Award Compensatory damages in the following amounts;

1 $30,000 Jointly and severally against defendants Collins, Williams, and Fleming for the violation of plaintiff freedom of Speech.

2 $100,000 Jointly and severally against defendants collins, and Duncan for all five Jum'ah services that was denied and violation.

3 $100,000 Jointly and severally against defendants Jones, Hall, Collins, Turner, Fleming, Tackett, Steffey, Dotson, Gardner, Franklin, Bentley, Smith, Tipton, and L. Hall for the physical and emotional injuries sustained as a result of plaintiff beating.

D Award Punitive damages in the following Amounts;

1 $40,000 each against defendants Collins and Jones, Fleming

2 $15,000 each against defendants Tackett, Steffey, Dotson, Gardner

Hall, Franklin, Bentley, Smith, Turner, Tipton, L. Hall, and Duncan

E Plaintiff seek recovery of all cost in this suit

F Award any other relief as the Court may seem the plaintiff is entitled, just, proper, and equitable

G Grant a jury trial on all issues triable by jury

Dated: 6/16/2025

Respectfully Submitted,

(S) Bow

Sidney Bowman #1396143

Pro-se Plaintiff

VADOC Central Mail Distribution Center

3521 Woods Way

State Farm, VA 23160

# VERIFICATION

I, Sidney Lowel Bowman Jr., have read the foregoing Complaint and hereby Verify that the matters alleged therein are true and accurate to the best of my knowledge and belief. I certify under penalty of perjury (pursuant to 28 U.S.C Section 1746 (2)) that the Foregoing is true and correct on this 16th day of June, 2025

S Bow
Sidney Lowel Bowman Jr.